UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|    Plaintiff/Respondent, § | |
| § | |
| v. § | CRIMINAL ACTION NO. 6:10-95-1 |
| § | CIVIL ACTION NO. 6:14-11 |
| DUVAL URREA, § | |
|    Defendant/Movant. § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Movant Duval Urrea's ("Urrea") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and memorandum in support (Dkt. No. 280).[1] The United States of America (the "Government") filed a motion to dismiss this action (Dkt. No. 296), to which Urrea has not responded.

**I. Background**

On August 24, 2011, Urrea and Noe Aranda-Soto were charged by Superseding Indictment (Dkt. No. 147) with conspiracy to transport and harbor illegal aliens within the United States, said violation placing in jeopardy the life of another person, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(iii) (Count 1). Urrea and Noe Aranda-Soto were charged in Counts 2–8 with aiding and abetting the transportation of illegal aliens within the United States, said violation placing in jeopardy the life of another person, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(iii): Gradis-Palma (Count 2); JBAH-1993 (Count 3); Jeremias Fuentes-Fuentes (Count 4); Rey Rene Molina-Guillen (Count 5); Sergio Rocha-Mora (Count 6); Melsar Bady Garcia-Lopez (Count 7); Count Bartolo Garcia-Cortes (Count 8). Urrea was charged separately

---

1. All citations to the docket sheet refer to Criminal Case No. 6:10-95.

with transporting and moving illegal aliens Manuel Perez (Count 9), JBAH-1993 (Count 10), Noe Aranda (Count 11), David Aranda (Count 12), Silverio Salas-Avalos (Count 13), and Rey Rene Molina (Count 14) within the United States in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(ii).

Urrea requested a trial by jury, and at the close of the case, the Government abandoned Counts 3 and 5. On September 16, 2011, the jury found Urrea guilty on Counts 1–2, 4, and 6–8 and found each of those charged violations caused serious bodily injury or placed in jeopardy the life of another person. The jury also found Urrea guilty on Counts 9–10 and not guilty on Counts 11–14. (*See* PSR ¶¶ 1–4.)

On December 5, 2011, the Court sentenced Urrea to 184 months imprisonment on Counts 1, 2, 4, 6–8, and to 60 months imprisonment on Counts 9–10, to run concurrently; a three-year term of supervised release on each count, to run concurrently; and a $100 special assessment on each count, for a total of $800. (Dkt. No. 230.)

Urrea appealed to the United States Court of Appeals for the Fifth Circuit, which affirmed the Court's judgment on December 21, 2012. (Dkt. Nos. 263–64.) Urrea did not file a petition for *certiorari* with the United States Supreme Court. His conviction therefore became final on March 21, 2013. He timely filed the presently-pending § 2255 motion on February 4, 2014.

## II. Movant's Claims

In his § 2255 motion, Urrea complains that his trial counsel rendered ineffective assistance during plea negotiations by advising him that the only way he could plead guilty was if he cooperated with the Government and testified against his codefendant and others. (Dkt. No. 280, Ex. 1 at 5.) Urrea further complains that the Court improperly increased his base offense level by

2

19 levels in violation of the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and his sentence should therefore be recalculated using a base offense level of 12. (*Id.* at 10.)

### III. Legal Standard

#### A. Grounds for Filing a § 2255 Motion

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

#### B. Statute of Limitations

A motion made under 28 U.S.C. § 2255 is subject to a one-year statute of limitations, which begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

## IV. Analysis

### A. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under *Strickland*, the movant must demonstrate that counsel's error led to some increase in the length of his imprisonment. *Glover v. United States*, 531 U.S. 198, 203 (2001); United States v. Herrera, 412 F.3d 577, 581 (2005). If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

Urrea complains that his trial counsel rendered ineffective assistance during plea negotiations by advising him that "the only way that he could enter into a 'guilty plea agreement' with the government was if he would co-operate with the government and testify on his co-defendant's [*sic*], family and friends . . . ." (Dkt. No. 280, Ex. 1 at 5.) According to Urrea, "if

4

[the above quoted] advice would not have been given[,] he would have taken the plea offer for five years." *Id.*

The record shows that, the morning of trial, AUSA Booth offered Urrea a plea agreement whereby he could "pick any count in the indictment he wants and pled to it, any of the five-year counts and not the ten-year count," and he would receive acceptance of responsibility. (Tr. at 3:14-22.) There was no mention of any requirement that Urrea cooperate or testify against any of his alleged coconspirators. Urrea discussed the proposed plea agreement with his trial counsel, Mr. Keith Weiser; however, against advice of counsel, Urrea decided to go to trial. (Tr. 7:16–8:15.)

Urrea does not cite, nor is the Court able to locate, any evidence in the record showing that there was a condition of cooperation mentioned at any time before trial. To the contrary, it appears that Urrea is confusing a post-conviction offer to testify to reduce his sentence with his claim that cooperation was a condition to pleading guilty. This conclusion is consistent with a letter Mr. Weiser sent Urrea on December 9, 2011—after Urrea was convicted and sentenced—stating that Urrea could get a reduction in his sentence if he gave up his codefendant's whereabouts and agreed to testify against him at trial. (Dkt. No. 288, Ex. 20.) Urrea's own evidence—three emails from appellate counsel David Cunningham sent in January 2014—further support a conclusion that any mention of cooperation in exchange for a reduced sentence came after Urrea was convicted and sentenced. (Dkt. No. 280, Exs. 1–3.)

Based on this record, the Court finds there is no evidence supporting Urrea's allegation that his trial counsel was deficient. Urrea's ineffective assistance of counsel claim is therefore denied.

### B. Improper Sentence under *Alleyne*

Relying on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), Urrea further claims that his base offense level "was increased by 19 levels by the courts [sic] use of the preponderance of the evidence standard, when the jury never found beyond a reasonable doubt each of these elements of the offense to be directly attributable to Mr. Urrea." (Dkt. No. 280 at 10.) As such, Urrea claims that his sentence should be recalculated using a base offense level of 12.

The Fifth Circuit previously held that the Supreme Court's decision in *Alleyne* does not retroactively apply to challenges to sentences on collateral review:

> In *Alleyne,* the Supreme Court held that any fact that increases a defendant's mandatory minimum sentence must be submitted to a jury to be proved beyond a reasonable doubt. *Alleyne,* 133 S.Ct. at 2163. Only the Supreme Court can render a new rule retroactively applicable to cases on collateral review. *Tyler v. Cain,* 533 U.S. 656, 662–63, (2001). Alleyne is a direct criminal appeal, *see Alleyne*, 133 S.Ct. at 2155–56, and therefore did not involve a retroactive application of a rule on collateral review. Moreover, the Supreme Court did not declare that *Alleyne* applies retroactively on collateral review.

*In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013).

Urrea's claim that his sentence should be recalculated under *Alleyne* is therefore denied.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Although Urrea has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability (COA). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the

issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Urrea is not entitled to a COA—that is, reasonable jurists could not debate the Court's resolution of his claims.

## VI. Conclusion

For the foregoing reasons, the Government's motion to dismiss (Dkt. No. 296) is **GRANTED**, and Urrea's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 280) is **DENIED**. Additionally, Urrea is **DENIED** a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** this 10th day of June, 2014.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE