United States District Court
Southern District of Texas
**ENTERED**
February 08, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CRIMINAL NO. 6:10-95-1 | |
| § | | |
| **DUVAL URREA,** § | | |
| Defendant. § | | |

### MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Duval Urrea's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release). D.E. 441

## I. BACKGROUND

Defendant was convicted of: conspiracy to transport and harbor illegal aliens within the United States, said violation placing in jeopardy the life of another person; five counts of aiding and abetting the transportation of illegal aliens within the United States, said violations placing in jeopardy the life of another person; and two counts of transporting unlawful aliens. He has served approximately 150 months (82%) of his 184-month sentence and has a projected release date, after good time credit, of May 15, 2024. He now moves the Court for compassionate release based on: (1) family circumstances; (2) sentencing disparity; and (3) rehabilitative efforts. Defendant's administrative request for compassionate release was denied by the warden on September 1, 2022.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

1

motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—*
  *(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The Fifth Circuit previously considered U.S.S.G. § 1B1.13 an applicable policy statement when a prisoner, rather than the Bureau of Prisons (BOP), moved for relief under § 3582(c)(1)(A)(i). *United States v. Coats*, 853 F. App'x 941, 942 (5th Cir. 2021). In *Shkambi*, however, the Fifth Circuit "joined [its] sister circuits in holding that § 1B1.13 does not actually apply to § 3582(c)(1)(A)(i) motions brought by the inmate." *Id.* (citing *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) ("Neither the [U.S. Sentencing Commission's compassionate-release] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582.")). Although "not dispositive," the commentary to U.S.S.G. § 1B1.13 nonetheless "informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, 833 Fed. App'x 556, 556 (5th Cir. 2020)).[1]

---

1. **(A) Medical Condition of the Defendant. –**
   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
   (ii) The defendant is—
      (I) suffering from a serious physical or medical condition,
      (II) suffering from a serious functional or cognitive impairment, or
      (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   **(B) Age of the Defendant. –**

Even if "extraordinary and compelling reasons" for early release exist, the Sentencing Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

"If the district court makes those two findings"—both that extraordinary and compelling reasons warrant a sentence reduction *and* that a reduction is consistent with the applicable Guidelines' policy statements—"then the court 'may' reduce the defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the

---

The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C)  Family Circumstances.** –
   (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

   (ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D)  Other Reasons.** –
   As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentencing disparities among similarly-situated defendants; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7). "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Ward*, 11 F.4th at 360.

"[T]he burden falls on the defendant to convince the district judge to exercise discretion to grant the motion for compassionate release . . . ." *Id.* at 361 (internal quotations and alterations omitted); *see also United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019) ("In general, the defendant has the burden to show circumstances meeting the test for compassionate release.").

## III. ANALYSIS

### A. Extraordinary and Compelling Reasons

#### 1. Family Circumstances

Defendant first claims that his daughter's mother is incapacitated due to mental illness, and he needs to care for his child. In support of this claim, he has offered an August 5, 2022, letter from the Texas Department of Family and Protective Services "notifying [him] about an open case the Department has regarding [his] child" and asking him to call the investigator. D.E. 441-3. The letter does not state the nature of the open case, nor does it indicate that Defendant is the only available caregiver for his daughter.[2] On this evidence, the Court finds Defendant has failed to demonstrate extraordinary and compelling reasons for his release.

---

2. Based on information in the Presentence Report, Defendant's daughter is now 17 years old.

**2. Sentencing Disparity**

Defendant further states that he should have received a sentence reduction for minor role, his counsel was ineffective at sentencing, and he would receive a lesser sentence if sentenced today. He has offered no factual or legal support for these conclusory allegations.

**3. Rehabilitative Efforts**

Finally, Defendant states that he has completed many recidivism-based programs and is rehabilitated. He has submitted evidence that he has completed 59% of the Residential Drug Abuse Program (RDAP), and treatment notes indicate that he has made "some progress" during the program. D.E. 441-3, p. 4. Defendant's rehabilitative efforts are commendable; however, while the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app. n.1(B)(iii).

**B. Sentencing Guidelines Policy Statements and 18 U.S.C. § 3553(a) Factors**

Defendant's extensive criminal history began at age 15, when he was adjudicated delinquent. As an adult, he was convicted of transportation of an unlawful alien within the United States for private financial gain; driving while intoxicated (DWI) with a child under 15 years of age; escape; and transportation of an unlawful alien within the United States. At the time of the current offense, he was on state probation for escape and DWI, and on federal supervised release for his second alien transporting conviction.

The instant alien smuggling conspiracy involved the illegal entry of dozens of aliens and their transportation within the United States. Defendant received sentencing enhancements because: he transported 22 unlawful aliens; he committed the offense after sustaining two convictions for felony immigration and naturalization offenses; an unaccompanied minor was transported; aliens were transported in the bed of a truck, which involved intentionally or

5

recklessly creating a substantial risk of death or serious bodily injury to another person; and two aliens died, one as the result of a rollover accident and the other was left in the brush. A juvenile alien was so severely injured in the rollover accident that she was in a coma for approximately one year and required physical rehabilitation.

Based on the nature and circumstances of the offense of conviction, Defendant's history and characteristics, and the danger to the community that would be posed by his early release, the Court finds that a sentence reduction would not be consistent with the applicable Sentencing Guidelines' policy statements. *See* 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). The Court further finds that a sentence reduction would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2).

## IV. CONCLUSION

For the foregoing reasons, the Court finds that extraordinary and compelling reasons do not warrant a sentence reduction and that a reduction would be inconsistent with the applicable policy statements issued by the Sentencing Commission and § 3553(a). Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (D.E. 441) is therefore **DENIED**.

It is so **ORDERED** this 6th day of February, 2023.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE